UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SANDRA SINGH**                          **CIVIL ACTION**

**VERSUS**

**WACKENHUT CORPORATION**               **NO. 07-173-C-M2**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, April 1, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SANDRA SINGH                                                                                    CIVIL ACTION

VERSUS

WACKENHUT CORPORATION                                                      NO. 07-173-C-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion for Sanctions for Plaintiff's Failure to Appear for Deposition and for Expenses and Attorney's Fees Resulting from Same (R. Doc. 26) filed by defendant, Wackenhut Corporation ("Wackenhut"). Pro se plaintiff, Sandra Singh ("Singh"), has filed an opposition (R. Doc. 28) to this motion. The parties have also filed rely and sur-reply memoranda. (R. Docs. 30, 36, 37, and 38).

## FACTS & PROCEDURAL BACKGROUND

On October 31, 2007, defense counsel sent correspondence to Singh, via certified mail, return receipt requested, to the mailing address listed on the Court's docket sheet, advising that she would like to take Singh's deposition and scheduling that deposition to occur at the offices of Lemle & Kelleher law firm in Baton Rouge on Monday, November 19, 2007, at 1:30 p.m. *See*, Exhibits A and B to Wackenhut's motion. According to a tracking statement relative to such mailing, the letter was delivered to Singh's address on November 1, 2007, but was returned to sender on November 3, 2007 because it was not claimed by the addressee. *See*, Exhibit C to Wackenhut's motion and Exhibit A to Wackenhut's sur-reply, R. Doc. 36.

In addition to sending the deposition notice to Singh by certified mail, defense counsel also filed a Notice of Deposition with the Court on October 31, 2007 (R. Doc. 23). According to the Court's electronic filing system, such notice was mailed to Singh at the

1

address listed on the docket sheet (*i.e.*, the same address to which defense counsel sent the letter noticing Singh's deposition via certified mail).  *See*, Exhibit D to Wackenhut's motion.

On November 19, 2007, defense counsel traveled from New Orleans to Baton Rouge to take Singh's deposition, arriving for the deposition at approximately 1:00 p.m. Defense counsel, along with her client's representative and the court reporter, waited until approximately 2:00 p.m. for Singh to appear, and when she did not appear, a *Proces Verbal* was transcribed.

Wackenhut then filed the present motion seeking sanctions pursuant to Fed. R. Civ. P. 37 for Singh's failure to appear for her deposition.  Specifically, Wackenhut seeks to have this Court impose sanctions upon plaintiff "up to and including dismissal of her case," as well as an award of attorney's fees for the time spent traveling to and from Baton Rouge for the deposition (approximately three hours), for preparation for the deposition (approximately two hours), the time spent waiting for plaintiff to appear for her deposition (approximately thirty minutes), and the costs and legal fees associated with bringing this motion (approximately an hour and a half).[1]  Singh opposes Wackenhut's motion on the ground that she never received notice of her deposition and because, during the approximately one hour that defense counsel was waiting for her to arrive for her deposition, defense counsel never attempted to contact her by telephone.

## **LAW & ANALYSIS**

---

[1] According to Wackenhut's most recent filings in January 2008 relative to this motion, it is seeking attorney's fees in a total amount of $500.00 as well as a dismissal of Singh's case for failure to prosecute by failing to appear for her deposition.

Pursuant to Fed. R. Civ. P. 37(d)(1)(A), the court where an action is pending may, on motion, order sanctions if a "party . . . fails, after being served with proper notice, to appear for [his/her] deposition." Fed. R. Civ. P. 37(d)(1)(A). Rule 37(d)(3) sets forth the types of sanctions a court may impose. Such sanctions include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). Instead of or in addition to those sanctions, the Court may also require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was "substantially justified or other circumstances make an award of expenses unjust." *Id.*

The issue in the present case is whether Singh was "served with proper notice" of her deposition as required by Rule 37(d)(1)(A). It has been recognized within this Circuit that, where a party forwards to another party a notice of deposition by registered or certified mail directed to the deponent's last known address, service by mail is complete upon mailing,[2] and the deponent is required to be in attendance on the day set forth in the notice or suffer penalty of having judgment by default entered against him or of being held in contempt. *Bourne, Inc. v. Romero*, 23 F.R.D. 292, 295-96 (E.D. La. 1959); *Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir. 1980). Furthermore, a refusal by the deponent party to accept the registered or certified letter addressed to him and the return of that letter to the sender is not considered a failure to effect service of the notice and has instead been construed as notice by the deponent of his refusal to have his deposition taken. *Bourne,* at 296.

---

[2] Fed. R. Civ. P. 5(b) provides service is made upon a party by "mailing it to the person's last known address – in which event service is complete upon mailing." Fed. R. Civ. P. 5(b).

In *Anthony v. Marion County General Hospital*, the Fifth Circuit faced an issue similar to that confronted in the present case. In that Title VII discrimination case, the defendant re-noticed the plaintiff's deposition and filed two motions after allowing the plaintiff an opportunity to substitute counsel. Each of the documents was mailed both to the plaintiff's former counsel and to the plaintiff by United States certified mail, return receipt requested, at the post office box address the plaintiff had provided to the Equal Employment Opportunity Commission during the processing of her EEOC charge. *Anthony*, at 1166. The documents mailed to the plaintiff were returned to defense counsel "unclaimed" and indicating three dates upon which attempted deliveries were made. When the plaintiff failed to appear for her deposition and for the hearing related to the two motions, the defendant sought sanctions. *Id.*

The Fifth Circuit found that sanctions were warranted because the plaintiff made no attempt to explain her failure to prosecute. *Id.*, at 1168. The court noted that, although the plaintiff argued that the notices were returned "unclaimed," she did not assert that she was in fact ignorant of the notices or of the post office's attempts to deliver the notices to her. *Id.* The court further noted that, had the plaintiff asserted ignorance of the various notices, she would "properly have been called upon to answer the obvious question as to why she did receive the one notice which imposed a financial burden upon her, *i.e.*, the judgment assessing attorney's fees which was mailed to her on September 7 and to which she responded through a new attorney on September 19, but had not received the several notices in June and July [which were at issue]." *Id.* The court also explained that, regardless of whether the plaintiff asserted lack of knowledge regarding the notices at issue, her conduct was nevertheless sanctionable because Fed. R. Civ. P. 5(b) provides

that service is complete upon mailing, and a refusal to accept does not vitiate service. *Id.*, citing 4 Wright & Miller, Fed. Practice & Procedure: Civil, §1148 and *Bourne*, at 292.

While *Anthony* is distinguishable from the present matter in that Singh does, in fact, contend that she never received the deposition notice in question and had no knowledge of it, the Court nevertheless finds that her conduct is sanctionable pursuant to Rule 37(d)(1)(A) because service of the deposition notice was complete upon defense counsel's mailing of the October 31, 2007 letter to Singh via certified mail. As in *Anthony*, the mere fact that the notice was returned to defense counsel marked "unclaimed" does not vitiate that service. Moreover, considering that Singh has asserted ignorance of the deposition notice as a defense herein, she is left to answer the "obvious question" mentioned by the Fifth Circuit in *Anthony* – specifically, why has she received numerous notices from the Court at the address listed on the docket sheet and responded to those notices with various court-filings, particularly in connection with the present motion; yet, she inexplicably failed to receive the deposition notice in question, which was sent by defense counsel and the Court to that very same address.[3] Since she has failed to answer that "obvious question" or provide any other substantial justification for her failure to appear for her deposition, the Court finds that her conduct should be sanctioned.[4] [5]

---

[3] As in *Anthony*, where the deposition notice was mailed to the address the plaintiff provided to the EEOC, defense counsel in this case sent the notice of deposition to the address the plaintiff provided to this Court. Moreover, like Anthony, Singh has never claimed that the address to which the notice was sent is incorrect.

[4] *Compare, Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6 (2nd Cir. 1987)(which is distinguishable from the present matter because the deponent party in that case produced evidence substantially justifying his failure to receive a notice of deposition that was sent to him via certified mail and returned to sender "unclaimed." Specifically, the deponent produced flight logs which indicated that he could not have received the

5

However, given that dismissal with prejudice is an extreme sanction only warranted in circumstances where there is a "clear record of delay or contumacious conduct by a plaintiff,"[6] which does not exist in this matter,[7] the undersigned will not recommend that

---

notice of deposition in time to appear for it or to inform the opposing party of his inability to appear because he had been on duty as an airline and military pilot at the time delivery of the notice was attempted.  Additionally, in that case, the notice of deposition was filed only six days before the deposition was to be held in Connecticut, unlike the present case where there was nineteen (19) days between the mailing of the notice and the date of the deposition, and the deponent, who resided in Illinois, also lived a significant distance away from the deposition site, unlike in the present case where the deponent lives in the same city where her deposition was scheduled and opposing counsel agreed to travel to the city of the deponent's residence for the deposition); *Speidel v. Bryan*, 164 F.R.D. 241 (D.Or. 1996)(where an order of sanctions entered against a defendant deponent for her failure to attend a scheduled deposition was vacated because the defendant presented competent evidence, in the form of a sworn affidavit, that she was not available on the date for taking the deposition and was not aware that the deposition had been scheduled since she was not at her residence during the period of time when service was attempted because she was caring for a sick relative elsewhere.  The court also held that the defendant should not be sanctioned for her failure to appear at a second properly noticed deposition, where she notified plaintiff in advance of the deposition that she would be unable to appear because of the inconvenience and expense of traveling to Astoria, Oregon from Portland, Oregon).  No such competent evidence of inconvenience or unavailability when delivery of the deposition notice was attempted and/or when the deposition was scheduled has been submitted in the present matter; Singh merely asserts that she did not receive the notice of deposition, without providing any explanation therefor.

[5] The Court also agrees with defense counsel that she had no obligation, after sending proper notice of deposition to the plaintiff, to also contact the plaintiff by telephone when the plaintiff failed to appear for the deposition.

[6] *See, Anthony*, at 1167.

[7] Unlike the scenario in *Anthony*, where the plaintiff not only failed to appear for the deposition and hearings on the two motions in question but also failed to timely substitute counsel (after the defense allowed her forty-five days to do so) and failed to attend a hearing on the defendant's motion to dismiss and for attorney's fees without any communication or explanation being provided to opposing counsel or the court (indicating an outright failure to prosecute the case), there is no comparable pattern of delay and contumacious conduct in this case.  Although Singh failed to appear for her deposition and at a status conference on March 14, 2008, she has opposed/replied to Wackenhut's filings concerning the present motion, participated in two other scheduling

such a harsh sanction be imposed. Instead, Singh should be required to pay the reasonable costs and attorney's fees associated with defense counsel's preparation for, travel to and from, and attendance of her deposition as well as the costs and fees associated with the filing of the present motion. As noted above, according to Wackenhut's most recent filings relative to this motion, that award amounts to a total of five hundred dollars ($500.00), an amount that the Court finds to be reasonable.[8]  Accordingly,

---

conferences in this matter, timely complied with the Court's directive that she serve the defendant in this case, and appeared for a show cause hearing on March 27, 2008 to explain her failure to attend the March 14, 2008 status conference. Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of the ultimate sanction of dismissal under Rule 37(d), and because that does not appear to have occurred in this case, the sanction of dismissal is not appropriate.

*Compare also, Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997)(where the sanction of dismissal was imposed because a pro se plaintiff completely failed to respond to a defendant's discovery requests and several court orders, and the court forewarned the plaintiff that her failure to comply with the court's order regarding discovery could result in dismissal of her action for failure to prosecute, which has not occurred in the present case).

[8] Considering defense counsel asserts that she spent a total of seven (7) hours preparing for, traveling to and from, and attending plaintiff's deposition and preparing the present motion, she is seeking attorney's fees at a rate of approximately $70 per hour, which is certainly reasonable (or even well below the reasonable hourly rate) for a partner in a New Orleans-based law firm. *See, Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D. La. 2004)(Hourly rate of $225.00 for partners found reasonable); *Police Ass'n of New Orleans v. City of New Orleans*, 951 F.Supp. 622, 628 (E.D. La. 1997)(holding that $150 per hour was reasonable in a Section 1983 case based upon plaintiffs' counsel's 22 years of experience as a civil rights attorney and the Judge's own knowledge of attorney's fees in the district); *Mediq PRN Life Support Services, Inc. v. University Rehabilitation Hospital*, 2003 WL 21999340 (E.D. La. 2003)(Court found that the hourly rate of $250 "above the high end of the range of prevailing market rates for lawyers with comparable experience and expertise in litigation of the type in the New Orleans' legal community" (which was noted to be $175 to $225 per hour). The Court found that the mid-point of the range ($200) was an appropriate hourly rate for the level of work entailed in defending against the plaintiff's discovery motion); *Jackson v. Capital Bank & Trust Co.*, 1994 WL 118322 (E.D. La. 1994)(finding that $225.00 was a reasonable hourly rate for a name partner of a New Orleans firm).

Wackenhut's present motion should be granted in part, and it should be awarded $500.00 in attorney's fees and costs for Singh's failure to attend her deposition in this matter.

## RECOMMENDATION

For the above reasons, it is recommended that the Motion for Sanctions for Plaintiff's Failure to Appear for Deposition and for Expenses and Attorney's Fees Resulting from Same (R. Doc. 26) filed by defendant, Wackenhut Corporation, be **GRANTED IN PART**, in that defendant should be awarded five hundred dollars ($500.00) in attorney's fees and costs for the failure of plaintiff, Sandra Singh, to attend her deposition in this matter, and **DENIED IN PART**, relative to defendant's request to have this case dismissed.   Signed in chambers in Baton Rouge, Louisiana, April 1, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**